UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE WESLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV01111 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jamie Wesley's Motion to Vacate [ECF No. 1].

## I. BACKGROUND

On April 15, 2004, Petitioner Jamie Wesley ("Petitioner) was indicted for the federal offenses of knowingly and intentionally possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), knowingly and intentionally possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 20, 2004, Petitioner pled guilty to all counts.

To determine Petitioner's sentence, the Court used the 2003 Guidelines Manual and calculated Petitioner's base offense level under § 2K2.1(a)(4)(A) at 32. He received a two level adjustment for acceptance of responsibility. His total offense level was 30, and his criminal history category was IV. The guideline range on Counts I, II, and IV was 135 to 168 months. Count III has a mandatory minimum 60-month term of imprisonment to be served consecutively to any other counts. On January 14, 2005, the Court sentenced Petitioner to a term of 135-months

imprisonment on Count I, a term of 60-months imprisonment on Count II, and a term of 120-months imprisonment on Count IV. These terms were to be served concurrently. The Court sentenced Defendant to a 60-month term of imprisonment on Count III, to be served consecutively to Counts I, II, and IV. The aggregate term of imprisonment was 195 months. The Court also imposed a five-year term of supervised release. On August 21, 2008, Petitioner's sentence was reduced to 180 months imprisonment pursuant to the retroactive amendment to the crack cocaine guidelines.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present motion to correct his sentence asserting he is no longer an armed career criminal in light of the Supreme Court's decision in *Johnson*.

**II.     ANALYSIS**

In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. 2551. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a substantive new rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). Therefore, defendants, who were determined to be Armed Career Criminals under the residual clause of the ACCA, may seek collateral review of their sentences within one year of the Supreme Court's *Johnson* decision.

Petitioner does not qualify for relief under *Johnson*, because he was not sentenced as an armed career criminal. Petitioner's sentence is based on his violation of 18 U.S.C. § 924(c) which specifies a mandatory minimum sentence for persons convicted of a crime of violence or drug trafficking crime who use or carry a firearm in furtherance of that crime. Petitioner was convicted of use of a firearm in connection with a drug trafficking scheme, not a crime of

violence. Therefore, the residual clause in § 924(c) is not relevant to this matter. The Supreme Court's decision in *Johnson* is not applicable to Petitioner.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jamie Wesley's Motion to Vacate [ECF No. 1] is **DENIED**.

So Ordered this 9th day of March, 2017.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**